1  BANNING LLP
   William L. Banning, CA State Bar No. 75757
2  Jessica L. Voss, CA State Bar No. 247033
   402 West Broadway, Suite 1790
3  San Diego, California 92101
   Telephone:  (619) 230-0030
4  Facsimile:   (619) 230-1350

5  Attorneys for Plaintiff
   HERNAN MONTERO
6

7
                UNITED STATES DISTRICT COURT
8
           FOR THE SOUTHERN DISTRICT OF CALIFORNIA
9

10
   HERNAN MONTERO, an individual,      )  Case No.
11                                      )  '10 CV 1590 BEN    RBB
              Plaintiff,                )
12                                      )  SEAMAN'S COMPLAINT FOR
   vs.                                  )  PERSONAL INJURIES-JONES
13                                      )  ACT NEGLIGENCE;
   MV SAN DIEGO, a California general   )  UNSEAWORTHINESS; AND
14 partnership; SEAFORTH                 )  MAINTENANCE AND CURE
   SPORTFISHING CORPORATION, a          )
15 California corporation; in personam, and )  DEMAND FOR JURY TRIAL
   M/V SAN DIEGO, U.S. Coast Guard      )
16 official number 299266, her engines, )
   tackle, apparel, furniture, and      )
17 appurtenances, in rem, and DOES 1    )
   through 20, inclusive,               )
18                                      )
              Defendants.                )
19                                      )

20       COMES NOW Plaintiff HERNAN MONTERO (hereinafter "Plaintiff"), and

21 complains of Defendants, MV SAN DIEGO, a general partnership, SEAFORTH

22 SPORTFISHING CORPORATION, a corporation, and the vessel M/V SAN DIEGO

23 (hereinafter referred to as "VESSEL") and DOES 1 through 20 (collectively referred

24 to hereinafter as "Defendants"), and alleges in this Complaint as follows:

25                            I.

26                   **GENERAL ALLEGATIONS**

27       1.    Jurisdiction is based on 46 U.S.C. § 30104, (formerly 46 U.S.C. § 688),

28 ("Jones Act") and the Admiralty and Maritime Jurisdiction of this Court under 28

---

SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT;        Case No.
UNSEAWORTHINESS MAINTENANCE AND CURE                              1

1 | U.S.C. §1333.

2. Plaintiff HERNAN MONTERO, an individual, was at all times herein mentioned a seaman and entitled under the provisions of 28 U.S.C. § 1916 to bring this complaint without prepayment of costs or posting of bond.

3. At all times relevant to this action, Plaintiff was a citizen of Costa Rica and a permanent legal resident of the United States living in San Diego, California.

4. Plaintiff is informed and believes that at all times relevant, Defendant MV SAN DIEGO is and was a California general partnership subject to jurisdiction and venue within this district. Defendant MV SAN DIEGO is the U.S. Coast Guard documented owner of the VESSEL.

5. Plaintiff is informed and believes that at all times relevant, Defendant SEAFORTH SPORTFISHING CORPORATION is and was a California corporation subject to jurisdiction and venue within this district. Plaintiff is informed and believes that at all times relevant defendant SEAFORTH SPORTFISHING CORPORATION, is and was a partner, joint venturer or alter ego of defendant MV SAN DIEGO and was one of the owners, operators, managers or charterers of the Vessel and Plaintiff's co-employer.

6. At all times relevant, Defendant vessel M/V SAN DIEGO was and is a U.S. Coast Guard inspected passenger carrying vessel, documented under the flag of the United States with U.S. Coast Guard official number 299266. At all times herein mentioned, Defendant VESSEL was afloat upon navigable waters of the Pacific Ocean. At all times relevant, the vessel sailed on voyages to and from U.S. ports and was at least 67 gross tons as measured under section 46 U.S.C. §14502, §14302, and §14104. Plaintiff is informed and believes that the VESSEL will or may be within this district during the pendency of this action.

7. At all times relevant, Defendants were the owners, operators and managers of the VESSEL and the alter egos of each other. At all times relevant, Plaintiff is informed and believes that the Defendants owned, operated, managed,

1  maintained, controlled, chartered and navigated the VESSEL and employed its crew.

2     8.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 20 and therefore Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities when ascertained. In the meantime, Plaintiff is informed and believes that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were legally caused by such Defendants.

9.    Plaintiff is informed and believes that all of the Defendants, including those sued as DOES 1 through 20, were and are the agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, employees and the like of their co-Defendants, and in doing the things hereinafter mentioned, were acting within the course and scope of their authority as such agents, alter egos, partners, joint venturers, co-conspirators, principals, shareholders, servants, employers, and employees and the like with the permission, ratification or consent of their co-Defendants and thus are legally liable for punitive damages resulting from the acts or omissions of the others.

## II.

## FIRST CLAIM FOR RELIEF

(Jones Act Negligence)

10.    Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 9, above.

11.    On or about October 25, 2008, Plaintiff was employed by Defendants, and was working aboard the VESSEL as a seaman under the general maritime law of the United States and the Jones Act at the specific request and for the benefit of the VESSEL and Defendants.

12.    On or about October 25, 2008, while the vessel was underway, Plaintiff was performing his regular duties aboard the VESSEL when he fell on unseaworthy

SEAMAN'S COMPLAINT FOR PERSONAL INJURIES - JONES ACT;
UNSEAWORTHINESS MAINTENANCE AND CURE                                Case No.

3

stairs, resulting in injury to Plaintiff ("Accident"). Plaintiff was injured in the Accident through no fault of his own but as a legal result of the negligence of the Defendants and unseaworthiness of the Defendants.

   13. At all relevant times, Defendants were guilty of negligent or wrongful acts or omissions, including, but not limited to, the following:

  (a) failing to provide Plaintiff with a safe place in which to work, including, without limitation, failing to provide safe: guard rails, passage ways, apparel, equipment, appliances, ladders, handrails, stairs, fittings, appurtenances, tackle, gear, tools, work methods, training, direct orders, standing orders or procedures and crew;

  (b) failing to use reasonable care under the circumstances to have the VESSEL'S hull, hardware, machinery, apparel, equipment, ladders, hand rails, stairs, fittings, appurtenances, tackle, gear, tools, work methods, training, direct orders, standing orders procedures and crew in such a seaworthy condition that Plaintiff would be able to perform his duties with reasonable safety;

  (c) for violating laws, statutes, regulations and industry standards enacted to promote safety of seamen and of life at sea;

  (d) failing to provide adequate safety measures;

  (e) failing to have adequate maintenance and repair programs that ensured the seaworthy condition of the hardware, machinery, apparel, guard rails, passage ways, ladders, handrails, stairs, equipment, fittings, appurtenances, tackle, gear and tools that were involved in causing the Plaintiff's Accident;

  (f) failing to adequately and regularly inspect the equipment, guard rails, passage ways, stairs, ladders and handrails on board the VESSEL prior to its use, and allowing the equipment to fall into such a state of disrepair as to be unseaworthy;

1  (g) failure to exercise due care in selecting competent master and crew;
2  (h) allowing dangerous or unsafe work or manner of work;
3  (i) failing to properly train and supervise employees;
4  (j) negligent orders, instructions or suggestions by Plaintiff's supervisors;
5  (k) failing to make inspections;
6  (l) failing to give warnings of a known hazard;
7  (m) failing to comply with industry standards, customs and practices;
8  (n) failing to have proper safety and medical equipment on board the
9  VESSEL;
10 (o) failing to correct known dangerous conditions, obstructions, or foreign
11 substance on the stairs of the VESSEL;
12 (p) failing to provide adequate medical treatment aboard the VESSEL;
13 (q) failing to provide adequate maintenance and cure;
14 (r) failing to make inspections of the stairs;
15 (s) failing to provide safety rules;
16 (t) failing to recognize danger and take corrective action; and,
17 (u) failing to perform a job hazard analysis.
18 14. As a legal result of the aforesaid negligent acts or wrongful acts or
19 omissions, among others, Defendants breached the duty of care they owed to
20 Plaintiff.
21 15. As a legal result of the aforesaid negligent acts or wrongful acts or
22 omissions, Plaintiff has sustained and will continue to sustain serious and grievous
23 physical and emotional injuries.
24 16. As a further legal result of the aforesaid negligent acts or wrongful acts
25 or omissions of Defendants, Plaintiff has sustained and will continue to sustain
26 damages, including and without limitation, general non-economic damages, special
27 economic damages, medical expenses, life care expenses, emotional distress and pain
28 and suffering, loss of Found, all of which will be established at trial according to

proof.

17.  As a further legal result of the aforesaid negligent acts or wrongful acts or omissions of Defendants, Plaintiff lost and will continue to lose wages, earnings, income and earning capacity, which will be established at trial according to proof.

18.  The foregoing wrongful acts or omissions occurred as a result of Defendants' wilful and arbitrary or wanton disregard of their obligations under the Jones Act. As a result, Plaintiff is entitled to an award of punitive damages, including without limitation, general punitive damages and reasonable attorneys' fees and costs against Defendants.

19.  As a further legal result of the aforesaid negligence and other wrongful acts, Plaintiff is entitled to recover prejudgment interest on all damages awarded on this claim.

## III.

## SECOND CLAIM FOR RELIEF

(Unseaworthiness)

20.  Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 19, above.

21.  At all times herein relevant, Plaintiff was acting in the service of the VESSEL and Defendants and was performing duties of the type traditionally performed by a seaman.

22.  At the time and place alleged herein, by the provisions of the General Maritime Law of the United States, Defendants and their agents, employees and servants warranted to Plaintiff that the VESSEL, its decks, gear, equipment, ladders, handrails, stairs, appurtenances, tools, crewmembers and work methods were seaworthy and in compliance with applicable laws, statutes and regulations enacted for the safety of the crew.

23.  Defendants and each of them breached this warranty in that the VESSEL, its decks, gear, equipment, guardrails, passage ways, ladders, handrails,

stairs, appurtenances, tools, safety equipment, crew members and work methods were neither seaworthy nor in compliance with applicable laws, rules and regulations enacted for the safety of the crew. Further the acts of negligence set forth in the First Claim for Relief were of such a duration as to become conditions of the VESSEL and therefore were further breaches of the warranty of seaworthiness.

24. As a legal result of the aforesaid unseaworthiness, Plaintiff has sustained and will continue to sustain serious and grievous physical and emotional injuries.

25. As a further legal result of the aforesaid unseaworthiness, Plaintiff has sustained and will continue to sustain damages, including and without limitation, general damages, special damages resulting from medical expenses, life care expenses, emotional distress, and pain and suffering, all of which will be established at trial according to proof.

26. As a further legal result of the aforesaid unseaworthiness, Plaintiff lost and will continue to lose wages, earnings, income and earning capacity, which will be established at trial according to proof.

27. As a further legal result of the aforesaid unseaworthiness, Plaintiff has a senior maritime lien against the VESSEL.

28. The foregoing conditions existed and caused Plaintiff injury as a result of Defendants' wilful and arbitrary or wanton disregard of their obligations under the law of unseaworthiness and the general maritime law. As a result, Plaintiff is entitled to an award of punitive damages, including without limitation, general punitive damages and reasonable attorneys' fees and costs against Defendants.

29. As a further legal result of the aforesaid unseaworthiness, Plaintiff is entitled to recover prejudgment interest on all damages awarded on this claim.

## IV.

## THIRD CLAIM FOR RELIEF

(Maintenance and Cure)

30. Plaintiff refers to and by that reference incorporates as though fully set

forth herein each and every allegation contained in paragraphs 1 through 29, above.

31.     By reason of the Accident set forth in the allegations above, Plaintiff became injured or ill and was disabled and is disabled from resuming any employment. Because of the serious and grievous injuries suffered by Plaintiff while in the service of the VESSEL, he was entitled to receive from Defendants prompt and adequate maintenance and cure. Defendants failed to provide promptly all maintenance and cure owed. As a legal result of the aforementioned failure of Defendants to provide promptly all maintenance and cure owing, Plaintiff's injuries have been worsened thereby entitling him to recover all resulting damages and expenses, including pain and suffering and additional medical expenses as well as attorneys' fees and costs and other consequential special economic and general non-economic damages. Further, as a result of the aforesaid failure to pay promptly all maintenance and cure owing, Plaintiff has a senior maritime lien against the VESSEL.

32.     Defendants' failure to provide prompt adequate maintenance and cure has been with a willful and arbitrary or wanton disregard for their obligations under the law of maintenance and cure. As a legal result, Plaintiff is entitled to recover punitive damages, including without limitation, general punitive damages and reasonable attorneys' fees and costs. For the purposes of the claim herein, recoverable attorneys' fees and costs include all reasonable attorneys' fees and costs expended on this case that are not solely related to the Jones Act and Unseaworthiness claims herein above alleged.

33.     As a further legal result of Defendants disregard of its obligations under the law of maintenance and cure, Plaintiff is entitled to recover prejudgment interest on all damages awarded on this claim.

## V.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them,

as follows:

1. That process in due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence may issue against the vessel M/V SAN DIEGO, her engines, tackle, apparel, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular the matters; that Plaintiff have a judgment for his damages aforesaid, with interest and costs; and that M/V SAN DIEGO be condemned and sold to satisfy Plaintiff's judgment;

2. That process and due form of law according to the practice of this Honorable Court issue against Defendants, citing them to appear and answer all and singular the matters aforesaid;

3. That Plaintiff may have judgment on ALL CLAIMS FOR RELIEF for his general non-economic, special economic, punitive and other allowable damages in an amount in excess of $500,000 according to proof at trial;

4. That Plaintiff may have judgment on ALL CLAIMS FOR RELIEF for his reasonable attorneys' fees and costs in an amount according to proof at trial;

5. That Plaintiff may have judgment on ALL CLAIMS FOR RELIEF for prejudgment interest in an amount according to proof at trial and the law; and,

6. That Plaintiff be awarded such other and further relief as this Honorable Court deems just and proper.

DATED: July 28, 2010                          BANNING LLP


                                              By: _____
                                              WILLIAM L. BANNING
                                              JESSICA L. VOSS

                                              Attorneys for Plaintiff
                                              HERNAN MONTERO

## VI.

### MONTERO vs. MV SAN DIEGO et al.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims for relief.

DATED: July 28, 2010                               BANNING LLP

                                                   By: _____
                                                   WILLIAM L. BANNING
                                                   JESSICA L. VOSS

                                                   Attorneys for Plaintiff
                                                   HERNAN MONTERO

# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
HERNAN MONTERO

**DEFENDANTS**
MV SAN DIEGO; SEAFORTH SPORTFISHING CORPORATION; in personam, and M/V SAN DIEGO, U.S. Coast Guard official number 299266, her engines, tackle, apparel, furniture, and appurtenances, in rem and DOES 1 through 20

10 JUL 29 PM 3:08
CLERK, U.S. DISTRICT C...
SOUTHERN DISTRICT OF C...

DEPUTY MTB

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William L. Banning, SBN 75757
Banning LLP
402 W. Broadway, Suite 1790
San Diego, CA 92101
(619) 230-0030

Attorneys (If Known)

'10 CV 1590 BEN  RBB

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [X] 340 Marine | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & other | [ ] 462 Naturalization Application | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Personal Injuries - Jones Act 46 U.S.C. Section 30104; Unseaworthiness; and Maintenance and Cure
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 7/28/10
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 10396   AMOUNT $350   APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

CR  MB 07-29-10

CSDJS44

```
DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS016396
Cashier ID: mbain
Transaction Date: 07/29/2010
Payer Name: ADVANCED ATTORNEY SERVICES
----------------------------------
CIVIL FILING FEE
 For: MONTERO V MV SAN DIEGO
 Case/Party: D-CAS-3-10-CV-001590-001
 Amount:         $350.00
----------------------------------
CHECK
 Check/Money Order Num: 39389
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```